**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING (SEATTLE)**

| | |
|---|---|
| TYLER WESCOTT, an individual, | |
| Plaintiff, | **Case No.       SEA** |
| v. | **COMPLAINT FOR DAMAGES** |
| AMAZON.COM SERVICES, LLC | |
| Defendant. | **JURY TRIAL REQUESTED** |

Plaintiff Tyler Wescott ("Wescott" or "Plaintiff"), by and through his undersigned attorneys of record Gregory M. Skidmore and Vera P. Fomina of Skidmore│Fomina, PLLC, alleges as follows:

**I.   PARTIES**

1.1   Plaintiff is a citizen of the United States and an individual residing in King County, Washington.

1.2   Plaintiff is an employee of Amazon.com Services, LLC ("Amazon" or "Defendant").

1.3   Defendant Amazon is and was, at all times material hereto, a company incorporated in the State of Washington and has its principal offices in King County, Washington.

COMPLAINT FOR DAMAGES - 1

SKIDMORE│FOMINA, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154

1.4     Defendant Amazon is registered and licensed to conduct business in Washington State, including King County.

1.5     At all times relevant, Defendant Amazon was Plaintiff's employer pursuant to RCW 49.60.040(11) and Title VII.

## II.     JURISDICTION AND VENUE

2.1     This Court has jurisdiction over the parties pursuant to RCW 2.08.010 and RCW 49.60.030.

2.2     Venue is proper in King County, Washington because Defendant transacts business in King County and because the activities which gave rise to these allegations took place in King County, Washington.  RCW 4.12.025(1) and (3).

## III.    FACTUAL ALLEGATIONS

3.1     Wescott has suffered from various diagnosed psychiatric conditions for the last twelve years of his life that permeate and permanently affect many of his major life activities.

3.2     Wescott copes with his conditions in a variety of ways including visiting a psychiatrist, using a support dog, a prescription medication, and accommodations as needed to assist with concentration.

3.3     Wescott was first hired at Amazon in November 2015 as a Business Analyst working in the International Human Resources Department.

3.4     Upon hire, Wescott was granted the accommodation of a special seating arrangement to ensure nobody was behind him or immediately next to him in an enclosed space.

3.5     Wescott's primary job responsibilities included coding, designing and distributing employee-related metrics for the International, Corporate Affairs, and Kindle Content human resources teams.

3.6     In November 2016, Wescott was transferred and received a $40,000 total compensation increase to Data Engineer II in the Prime Now Supply Chain.

COMPLAINT FOR DAMAGES - 2

SKIDMORE | FOMINA, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154

Exhibit A
Page 2 of 9

3.7     Wescott managed coding, design, and distribution of reporting related to the Prime Now Supply Chain network.  Wescott's primary projects included setting up and maintaining new Redshift cluster to replace Amazon's old and malfunctioning database reporting system and creating an ASIN forecast failure report to explain misses throughout Amazon's entire supply chain that would assist in forecasting stocking failures.

3.8     Wescott received a raise and stock grants showing he was recognized as a top performing employee in 2017.

3.9     In 2018, Wescott transferred roles to the Devices Finance team.

3.10    In December 2018, Wescott moved to the Twitch Prime department and Alix Gierke became his supervisor.  His former supervisor, Ms. Yan, wrote Wescott a positive review to Gierke during his transfer application in November 2018 which listed no performance concerns.

3.11    In early 2019, Wescott was rated as a Top Tier Employee receiving base salary increases and additional stock grants based on Ms. Yan's sterling feedback.

3.12    Gierke would give Wescott positive performance reviews and had no concerns with Wescott's performance or behavior in any way.

3.13    As a result, Wescott received a 5.3% salary increase and a new stock grant of 74 shares vesting over the next two years consistent with Amazon's policy on rewarding employees who are in the "top tier."

3.14    In June 2019, Gierke informed Wescott that she was planning to place him on the promotion track and was set to be promoted in Q2 2020.  She entered this into Amazon's HR promotion system and announced the planned promotion and the timeline during the mid-year talent review to the organization's leadership including Plotnick.

3.15    In August 2019, Gierke gave Wescott a mid-year review indicating that Wescott had met or exceeded all leadership principles.

COMPLAINT FOR DAMAGES - 3

SKIDMORE | FOMINA, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154

Exhibit A
Page 3 of 9

3.16 In the summer of 2019, Gierke was also placed under investigation relating to various allegations of misconduct against her by another co-worker who asserted that Gierke had made inappropriate comments regarding her mental health. Amber Yun, who had witnessed the inappropriate comments, confided in Gierke that she told the investigator what she had witnessed. Despite having good performance previously, Gierke began documenting performance issues against Yun resulting in her eventual resignation.

3.17 In October 2019, Wescott took vacation to care for his mental health due to comments Gierke and others had been making about his conditions and Gierke's failure to remedy the situation.

3.18 Previously, Wescott had begun complaining to Gierke about her treatment of Wescott in comparison to other coworkers when he brought up certain work related concerns. He felt as though she was dismissive of his concerns in comparison to his coworkers and that she would use his health condition as a reason to dismiss legitimate issues he was facing.

3.19 One of Mr. Wescott's coworkers, Andrew Clayton had been yelling at Wescott and treating him poorly.

3.20 When Wescott went to Gierke with his concerns, Gierke would dismiss them saying that "it's just in your head" and to "just go see a therapist." Gierke would use what she knew about Wescott's disability to dismiss his concerns and not address them.

3.21 In November 2019, Gierke moved Wescott's promotion from Q4 2019 to Q1 2020 in the HR system.

3.22 In December 2019, Gierke indicated she would submit his promotion in Q2 2020. She also sent Wescott a card indicating "it has been amazing watching you grow and learn plus continue to shine as the highest-quality engineer and standards in our entire ecosystem. I am eternally grateful for your guidance and leadership plus your value of selflessly doing what's right, period. Thank you for EVERYTHING."

COMPLAINT FOR DAMAGES - 4

SKIDMORE | FOMINA, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154

Exhibit A
Page 4 of 9

3.23     In January 2020, Gierke and Wescott continued to discuss Wescott's upcoming promotion.

3.24     In early January 2020, the treatment and comments Gierke was making were getting so bad that Wescott felt he needed to go to the next level manager.

3.25     On January 14, 2020, Wescott complained to Gierke's supervisor and the director, Larry Plotnick, stating that he felt like Gierke's comments were inappropriate and discriminatory.

3.26     On January 14 and 15, 2020, Wescott had meetings with Gierke during which he indicated that he had to go to Plotnick about his concerns because Gierke had not timely responded to his concerns and because Gierke had been making the discriminatory remarks herself over the past few months.

3.27     On January 25, 2020, Gierke removed Wescott's needed reasonable accommodation of a seating arrangement without anybody behind him or anyone near him in a confined space without prior notice to him and without reason.

3.28     On information and belief, Wescott was labeled by Amazon as a "red" employee because he raised discrimination-related concerns.  Amazon tracks employees who make such complaints and that employee becomes subjected to heightened scrutiny of their performance and behavior as compared to "non-red" employees.

3.29     On February 5, 2020, Gierke and Wescott had a 1:1 meeting.  Gierke did not raise any prior performance deficiencies at this meeting.

3.30     Wescott emailed Human Resources informing them that Gierke was retaliating against him further and that he was going to file an EEOC charge.

3.31     Wescott submitted a signed intent to file a charge with the EEOC that same day.

3.32     Later that same day, Gierke emailed Wescott threatening to place him on a performance development plan even though he was a top tier employee and being put up for promotion.

COMPLAINT FOR DAMAGES - 5

Skidmore│Fomina, pllc
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154

Exhibit A
Page 5 of 9

3.33   Gierke's email made specific references to concerns that were a direct result of Wescott's psychiatric conditions or medication he took to assist with his psychiatric conditions including concerns about his body language, tone, and facial expressions which are affected by his medication.

3.34   Then Gierke started "coaching" Wescott for the newly alleged performance deficiencies beginning on February 12, 2020 and began entering falsified and defamatory versions of events into Amazon's performance management tool, Focus.

3.35   Employees who are labeled as "coached" in Amazon's HR system are eventually moved to a formal negative performance program and eventual termination as part of Amazon's unregretted attrition (URA) goals.

3.36   For Wescott's 2020 annual performance review, Gierke reversed course and gave Wescott an unexpected "Least Effective" rating which resulted in no base salary increase, no additional stock grants, and removal from the promotion track.

3.37   But for Wescott's complaints and requests for accommodation, he would not have suffered such an adverse action.

3.38   On March 19, 2020, Wescott had another 1:1 meeting with Plotnick. Plotnick recommended that Wescott seek an accommodation of a new manager.

3.39   Despite Plotnick's recommendation, Amazon denied the request and has not recommended any other solutions to accommodate Wescott.

COMPLAINT FOR DAMAGES - 6

SKIDMORE | FOMINA, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154

Exhibit A
Page 6 of 9

## IV. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Retaliation**
**Washington Law Against Discrimination, RCW 49.60.210(1)**
**Title VII, 42 U.S.C. § 2000e** *et seq.*

4.1   Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.2   Plaintiff complained about Defendant's discriminatory and retaliatory treatment based on his disability and requested disability accommodations.

4.3   Plaintiff reasonably believed such actions of the Defendant to be unlawful and that requesting accommodations is protected conduct.

4.4   Plaintiff's complaints and requests for accommodation were the cause of the decision to issue Plaintiff a negative performance rating and not give me a salary increase or additional stock grants.

4.5   As a direct and proximate cause of defendant's actions, Plaintiff has been damaged in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**Disability Discrimination**
**Washington Law Against Discrimination, RCW 49.60 et seq.**

4.6   Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.7   Plaintiff suffered from a disability within the meaning of RCW 49.60 and the ADA.

4.8   Plaintiff was able to perform the essential functions of his job.

4.9   Defendant was aware of Plaintiff's disability and the need for accommodation.

COMPLAINT FOR DAMAGES - 7

SKIDMORE | FOMINA, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154

Exhibit A
Page 7 of 9

4.10     Plaintiff's negative performance review constituted disparate treatment due to his disability and requests for accommodation.

4.11     As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### Failure to Accommodate Disability
### Washington Law Against Discrimination, RCW 49.60 et seq.

4.12     Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.13     Plaintiff was disabled within the meaning of RCW 49.60 and the ADA.

4.14     Plaintiff gave notice to Defendants regarding his disability and limitations, and requested an accommodation that was subsequently denied.

4.15     Upon notice, Defendant failed to further accommodate Plaintiff or to engage in the interactive process.

4.16     Defendant failed to continue to affirmatively adopt available measures that were medically necessary to accommodate his disability.

4.17     As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

### V.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment in his favor and for relief as follows:

5.1     Injunctive relief including an order revoking the adverse actions taken against Plaintiff;

COMPLAINT FOR DAMAGES - 8

SKIDMORE | FOMINA, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154

Exhibit A
Page 8 of 9

5.2 Economic damages for back pay, front pay, lost benefits, etc. in an amount to be proven at trial;

5.3 Damages for actual compensatory, consequential, and incidental damages as alleged herein or as proven at trial;

5.4 Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

5.5 Punitive damages;

5.6 Compensation for any tax penalty associated with any recovery;

5.7 Reasonable attorneys' fees and costs

5.8 Pre-judgment and post-judgment interest; and

5.9 Such other and further relief as the Court deems just and equitable.

DATED this 11th day of May, 2020.

*[signature]*

Gregory M. Skidmore, WSBA #47462
Vera P. Fomina, WSBA #49388
*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES - 9

SKIDMORE | FOMINA, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154

Exhibit A
Page 9 of 9